IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN T. L.,[1] | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Civil No. 19-cv-570-DGW[2] |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
|     Defendant. | ) |

## **MEMORANDUM and ORDER**

**WILKERSON, Magistrate Judge:**

In accordance with 42 U.S.C. § 405(g), plaintiff seeks judicial review of the final agency decision denying his application for Disability Insurance Benefits (DIB) pursuant to 42 U.S.C. § 423.

## **Procedural History**

Plaintiff applied for benefits in September 2013, alleging disability beginning on March 23, 2012. After holding an evidentiary hearing, an ALJ denied the application on April 3, 2018. (Tr. 20-36). The Appeals Council denied review, and the decision of the ALJ became the final agency decision. (Tr. 1). Administrative remedies have been exhausted and a timely complaint was filed in this Court.

---

[1] In keeping with the court's recently adopted practice, plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. See, Fed. R. Civ. P. 5.2(c) and the Advisory Committee Notes thereto.

[2] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 8.

## Issue Raised by Plaintiff

Plaintiff raises one issue, whether the ALJ erred by failing to account for moderate deficits of concentration, persistence, or pace in the residual functional capacity finding.

## Applicable Legal Standards

To qualify for DIB, a claimant must be disabled within the meaning of the applicable statutes. Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a).

To determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 404.1520.

An affirmative answer at either step 3 or step 5 leads to a finding that the plaintiff is disabled. A negative answer at any step, other than at step 3, precludes a finding of disability. The plaintiff bears the burden of proof at steps 1–4. Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in

significant numbers in the national economy.  *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001).

This Court reviews the Commissioner's decision to ensure that the decision is supported by substantial evidence and that no mistakes of law were made. It is important to recognize that the scope of review is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). Thus, this Court must determine not whether plaintiff was, in fact, disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). The Supreme Court defines substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

In reviewing for "substantial evidence," the entire administrative record is taken into consideration, but this Court does <u>not</u> reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). However, while judicial review is deferential, it is not abject; this Court does not act as a rubber stamp for the Commissioner. See, *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010), and cases cited therein.

### **The Decision of the ALJ**

The ALJ followed the five-step analytical framework described above. He

determined that plaintiff had not been engaged in substantial gainful activity since the alleged onset date. He was insured for DIB only through March 31, 2018. The ALJ found that plaintiff had severe impairments of degenerative disc disease of the lumbar spine status-post discectomy and fusion; post-laminectomy syndrome; degenerative joint disease of the right knee with arthroscopic surgery and resection; obesity; depression; and anxiety.

The ALJ found that plaintiff had the residual functional capacity (RFC) to do sedentary work, with physical and mental limitations. Only the mental limitations are in issue here. The ALJ found that plaintiff was limited to simple, routine and repetitive tasks "in a work environment with no fast-paced production requirements involving only simple work-related instructions and decisions, with only occasional judgment and work place changes." In addition, he was limited to only frequent interaction with supervisors, co-workers, and the public.

Based on the testimony of a vocational expert, the ALJ found that plaintiff was not able to do his past relevant work as a cable installer and repairer or a route sales delivery driver. However, he was not disabled because he was able to do other jobs that exist in significant numbers in the national economy.

### The Evidentiary Record

The Court has reviewed and considered the entire evidentiary record in formulating this Memorandum and Order. In view of plaintiff's arguments, the Court will omit a discussion of his physical impairments.

1. **Agency Forms**

Plaintiff was born in 1976 and was 41 years old on the date last insured.

(Tr. 260). He alleged disability due to a work-related back injury and an injury to his right knee. He was 6 feet tall and weighed 260 pounds. (Tr. 264). In August 2014, he reported that it was hard for him to concentrate and his memory was bad because of pain. (Tr. 304).

In March 2015, plaintiff reported that he was seeing a counselor for depression. (Tr. 324).

2. **Evidentiary Hearing**

Plaintiff was represented by an attorney at the evidentiary hearing in November 2017. (Tr. 45).

Plaintiff was 41 years old at the time of the hearing. He was 6 feet tall and weighed 300 pounds. (Tr. 51).

Plaintiff testified that he was unable to work because of pain in his low back, legs, and feet along with right knee problems. He was seeing a pain specialist. He had anxiety attacks and depression from being in pain for so long. He saw a counselor and took Zoloft and Lorazepam. (Tr. 57-58).

Plaintiff was not asked any questions about his ability to concentrate.

A vocational expert (VE) also testified. The ALJ asked the VE a hypothetical question which corresponded to the RFC assessment. The VE testified that a person with this RFC could not do plaintiff's past work. She identified jobs at the sedentary exertional level that could be done by a person with plaintiff's RFC. The VE testified that he would be terminated if he missed two days of work a month or if he were off task more than 10% of the day. (Tr. 67-70).

3. **State Agency Consultant's Assessment**

In December 2015, acting as a state agency consultant, David Biscardi, Ph.D., assessed plaintiff's mental RFC based on a review of the file contents. He used electronic versions of the agency forms that are commonly used for this purpose, the Psychiatric Review Technique Form and the Mental RFC Assessment Form. (Tr. 105-107, 111-113). On the PRT Form, he indicated that plaintiff had mild difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, or pace. On the Mental RFC Form, he answered "yes" to the question "Does the individual have sustained concentration and persistence limitations?" Under that section of the form, he rated plaintiff as "moderately limited" in ability to carry out detailed instructions; ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; and ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.

Dr. Biscardi answered "no" to the question "Does the individual have social interaction limitations?"

In the adaptive limitations section, he rated plaintiff as "moderately limited" in ability to respond appropriately to changes in the workplace.

In the sections for "narrative discussion" under the concentration and persistence section and the adaptive limitations section, Dr. Biscardi wrote "depression, anxiety, see PRFT summary."

In the last section of the form, entitled "MRFC-Additional Explanation," Dr. Biscardi wrote, "Clmt [Claimant] retains the capacity to understand, remember,

carry out and sustain performance of 1-3 step tasks, complete a normal workday, interact with coworkers/supervisors and adapt to changes/stressors associated with simple routine competitive work activities." (Tr. 113).

## Analysis

Plaintiff argues that the RFC assessment was erroneous because it failed to account for his moderate limitation in maintaining concentration, persistence, or pace.

The ALJ's RFC assessment and the hypothetical question posed to the VE must both incorporate all of the limitations that are supported by the record. *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014). This is a well-established rule. See, *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009) (collecting cases). If the ALJ finds that a plaintiff has a moderate limitation in maintaining concentration, persistence or pace, that limitation must be accounted for in the hypothetical question posed to the VE; in most cases, limiting the plaintiff to simple, repetitive tasks or to unskilled work is not sufficient to account for moderate concentration difficulties. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010).

Here, the ALJ found that plaintiff had moderate difficulties in all four of the B criteria, i.e., understanding, remembering, or applying information; interacting with others; maintaining concentration, persistence or pace; and adapting or managing oneself. He made this determination at step three of the sequential analysis when determining whether plaintiff's mental impairments meet or equal a listed impairment. He noted that, while the step three determination is not a mental RFC assessment, the ultimate RFC assessment "reflects the degree of

limitation I have found in the 'paragraph B' mental functional analysis."   (Tr. 26).

The ALJ gave "partial weight" to Dr. Biscardi's opinion.  He explained that assessment by noting first that "Dr. Biscardi is familiar with the disability determination process and the Regulations, including the terms of art and legal and medical standards set forth therein."   He said Dr. Biscardi based his opinion on a "comprehensive review of the record" and his opinion was "consistent with same." He pointed out that Dr. Biscardi's opinion included a "detailed narrative" explaining the evidence he relied on.  The only point on which the ALJ disagreed with Dr. Biscardi was on social limitations.   Because of later evidence regarding anxiety, the ALJ found that plaintiff had social limitations and should be limited to frequent, but not constant, interaction with other people.   (Tr. 30-31).

The Seventh Circuit has repeatedly held, with exceptions not applicable here, that a limitation to simple, repetitive tasks or unskilled work does not adequately account for a moderate limitation in maintaining concentration, persistence or pace.  In *Stewart, supra,* a case decided in 2009, the Court observed, "The Commissioner continues to defend the ALJ's attempt to account for mental impairments by restricting the hypothetical to 'simple' tasks, and we and our sister courts continue to reject the Commissioner's position."   *Stewart*, 561 F.3d at 685. The Court has reaffirmed that position several times in recent years. *O'Connor-Spinner, supra; Yurt v. Colvin,* 758 F.3d 850, 857 (7th Cir. 2014); *Varga v. Colvin,* 794 F.3d 809, 814 (7th Cir. 2015)*; Taylor v. Colvin,* 829 F.3d 799, 802 (7th Cir. 2016); *Moreno v. Berryhill*, 882 F.3d 722, 730 (7th Cir. 2018), as amended on reh'g (Apr. 13, 2018).

The Seventh Circuit decided several more cases in this line earlier this year.

In *Winsted v. Berryhill*, 915 F.3d 466 (7th Cir. 2019), the Court observed:

> Again and again, we have said that when an ALJ finds there are documented limitations of concentration, persistence, and pace, the hypothetical question presented to the VE must account for these limitations. [Citations omitted.] We have also made clear that in most cases 'employing terms like 'simple, repetitive tasks' on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace, and thus, alone, are insufficient to present the claimant's limitations in this area.

*Winsted*, 915 F.3d at 471.

In *Winsted*, at step three, the ALJ found that the plaintiff had moderate difficulty with social functioning and with maintaining concentration, persistence, and pace. The RFC assessment limited plaintiff to "simple, routine, repetitive tasks with few workplace changes, no team work, and no interaction with the public." *Winsted*, 915 F.3d at 470. The Court held that the hypothetical question based on that RFC assessment was erroneous because it "did not direct the expert to consider problems with concentration, persistence, and pace, which is the hypothetical the ALJ relied on for the RFC. Though particular words need not be incanted, we cannot look at the *absence* of the phrase 'moderate difficulties with concentration, persistence, and pace' and feel confident this limitation was properly incorporated in the RFC and in the hypothetical question." *Winsted*, 915 F.3d at 471 (emphasis in original).

In *DeCamp v. Berryhill*, 916 F.3d 671 (7th Cir. 2019), as in this case, state agency reviewers found that the plaintiff had moderate limitations in maintaining concentration, persistence, or pace; ability to perform activities within a schedule,

9

maintain regular attendance, and be punctual within customary tolerances; and ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. At step three, the ALJ found that the plaintiff had moderate limitations in concentration, persistence, or pace. The ALJ limited the plaintiff to "unskilled work with an SVP of 2 or less, with no fast-paced production line or tandem tasks, at a job that allows her to be off task up to 10% of the workday." *DeCamp*, 916 F.3d at 676. The Seventh Circuit held:

> We agree that the ALJ erred by not including DeCamp's "moderate" limitations in concentration, persistence, and pace in the hypothetical question to the vocational expert. The ALJ's hypothetical to the vocational expert omitted any mention of DeCamp's moderate limitations in the four areas identified by [state agency examiner] Dr. Pape (whose opinion the ALJ cited to support her finding): maintaining attention and concentration for extended periods; performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances; working in coordination or proximity to others without being distracted; and completing a normal workday and workweek without interruptions from psychologically based symptoms and performing at a consistent pace. The ALJ opted instead to limit DeCamp to "unskilled work" with no "fast-paced production line or tandem tasks." We have previously rejected similar formulations of a claimant's limitations because there is no basis to suggest that eliminating jobs with strict production quotas or a fast pace may serve as a proxy for including a moderate limitation on concentration, persistence, and pace.

*DeCamp*, Ibid.

In *Burmester v. Berryhill*, 920 F.3d 507 (7th Cir. 2019), on the other hand, the Seventh Circuit found no error in an RFC assessment that limited the plaintiff to "simple, routine, repetitive tasks requiring only simple work-related decisions with few changes in the routine work setting and no more than occasional interaction with supervisors, coworkers, and the general public." *Burmester*, 920 F.3d at

509. The reviewing doctor "stated in the 'Statement of Work Capacity' portion of his assessment that Burmester had the 'ability to understand, remember and carry out simple instructions subject to physical limitations,' that 'maintaining concentration and attention should be manageable' and that she 'should be able to withstand routine work stress and adapt to typical job site changes.'" There was no checkbox indicating a moderate limitation in ability to maintain concentration, persistence, or pace. The Seventh Circuit distinguished the case from *DeCamp* on that basis. *Burmester*, 920 F.3d at 511-512.

The Commissioner relies heavily on *Jozefyk v. Berryhill*, 923 F.3d 492 (7th Cir. 2019). There, the Seventh Circuit rejected plaintiff's argument that it was error to omit a reference to a moderate limitation in concentration, persistence, or pace from the RFC assessment and hypothetical question where "according to the medical evidence, his impairments surface only when he is with other people or in a crowd." *Jozefyk*, 923 F.3d at 498. That case is distinguishable from the case at hand on that basis.

Again, the ALJ here limited plaintiff to simple, routine and repetitive tasks "in a work environment with no fast-paced production requirements involving only simple work-related instructions and decisions, with only occasional judgment and work place changes." In addition, he was limited to only frequent interaction with supervisors, co-workers, and the public. Under the Seventh Circuit cases discussed above, particularly *DeCamp*, this RFC assessment was erroneous.

The Commissioner also cites *Dudley v. Berryhill*, 773 F. App'x 838 (7th Cir. 2019), but that case is nonprecedential. "Opinions, which may be signed or per

curiam, are released in printed form, are published in the Federal Reporter, and constitute the law of the circuit. Orders, which are unsigned, are released in photocopied form, are not published in the Federal Reporter, and are not treated as precedents." Seventh Circuit Rule 32.1(b).

Here, consistent with the opinions of the state agency reviewer, the ALJ accepted that plaintiff has moderate limitations in maintaining concentration, persistence, or pace. The Commissioner fails to address the central point here, which is that the ALJ found that plaintiff has moderate limitations in maintaining concentration, persistence, or pace, but failed to include that limitation in the RFC assessment and the hypothetical question.

The Seventh Circuit has been very clear that a limitation to simple instructions or simple, routine tasks does not adequately account for a moderate limitation in maintaining concentration, persistence, or pace. "The ability to stick with a given task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity." *O'Connor-Spinner*, 627 F.3d at 620.

Further, the ALJ cannot simply ignore the consultant's answers to the questions in the PRT Form and the first part of the mental RFC Assessment Form. "Worksheet observations, while perhaps less useful to an ALJ than a doctor's narrative RFC assessment, are nonetheless medical evidence which cannot just be ignored." *Varga v. Colvin*, 794 F.3d 809, 816 (7th Cir. 2015). The ALJ also failed to resolve the obvious contradiction between a finding that plaintiff has the ability to perform unskilled work for an eight-hour workday and the finding of the state agency reviewer that plaintiff is moderately limited in ability to complete a

normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.

Defendant points out that the "B" criteria have been amended and attempts to minimize the significance of the findings of moderate limitations by pointing out that "moderate" limitation means that a claimant's "functioning in this area independently, appropriately, effectively, and on a sustained basis is fair." See, Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66138, 66164, 2016 WL 5341732 (Sept. 26, 2016) (effective Jan. 17, 2017). But, a moderate limitation is not the same as "no" limitation. A "mild" limitation means that functioning is "slightly" limited and a "marked" limitation means that functioning is "seriously limited." Moderate is between mild and marked. 81 Fed. Reg. 66138, 66164. Therefore, a moderate limitation is more than a slight limitation, and the ALJ may not ignore the state agency consultants' designation of moderate limitations. Further, these definitions do not represent a change in the meaning of these terms:

> Third, we have used the words "mild," "moderate," "marked," and "extreme" under our prior rules for many years. Although we did not provide definitions for most of these terms until now, the definitions in final 12.00F are consistent with how our adjudicators have understood and used those words in our program since we first introduced the rating scale in 1985. As a result, the definitions we provide in these rules do not represent a departure from prior policy.

81 FR 66138, 66147.

The ALJ's conclusion regarding plaintiff's social limitations also refutes defendant's attempt to minimize the significance of the findings of moderate

13

limitations. He found plaintiff to be moderately limited in interacting with others, leading him to limit plaintiff to frequent but not constant interaction. In addition, Dr. Biscardi found that plaintiff was moderately limited in ability to respond appropriately to changes in the workplace, and the ALJ found he was moderately limited in ability to adapt or manage himself. He therefore limited plaintiff to occasional work-place changes. This demonstrates that both the state agency consultant and the ALJ understood that a moderate limitation is serious enough to require accommodation.

The ALJ's error requires remand. "If a decision 'lacks evidentiary support or is so poorly articulated as to prevent meaningful review,' a remand is required." *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (internal citation omitted).

This this Memorandum and Order should not be construed as an indication that the Court believes that plaintiff was disabled during the relevant period, or that she should be awarded benefits. On the contrary, the Court has not formed any opinions in that regard and leaves those issues to be determined by the Commissioner after further proceedings.

## Conclusion

The Commissioner's final decision denying plaintiff's application for disability benefits is **REVERSED** and **REMANDED** to the Commissioner for rehearing and reconsideration of the evidence, pursuant to sentence four of 42 U.S.C. §405(g).

The Clerk of Court is directed to enter judgment in favor of plaintiff.

**IT IS SO ORDERED.**

**DATE:** November 22, 2019.

**DONALD G. WILKERSON**
**UNITED STATES MAGISTRATE JUDGE**